Brinkerhoee, C. J.
The ninth section of the act of April 30, 1852, “to provide for .compensation to owners of private property appropriated to the use of corporations” (Curwen’s Stat. 1820)> under which these proceedings in the probate court were had, provides that “all the proceedings hereinbefore provided for in the probate court shall be open to exceptions, in the same manner that exceptions are or may be taken in civil suits in the court of common pleas; and either party may take the same up to the court of common pleas of the proper county, on a writ of certiorari, which shall be issued, of course, by the clerk thereof, upon the filing of a praecipe, in which case, such exceptions, signed and sealed by the probate judge,' shall be taken and considered as a part of the record of such proceedings; provided that such writ of certiorari shall be issued within fifteen days from the rendition of the judgment in the probate court; provided that such a corporation.shall have the right, on the finding of the jury in the probate.court, to pay into court the amount of compensation so found, and proceed to enter upon and appropriate such property, notwithseanding such cause may be removed to the court of common pleas.”
It is conceded, as well as expressly decided, in Hobbs v. Beckwith, 6 Ohio St. 252, and Ex parte Collier, Ib. 55, that the writ of certiorari, in cases of this kind, is abolished by the code of civil procedure, and the petition in error substituted in its place, and that, therefore, the ^proper form of proceeding to review the action of the probate court has, in this case, been adopted.
*22 But section 523 of the code (Curwcn’s Stat. 2023), provides that “ no pi'oceeding for reversing, vacating, or modifying the judgments or final orders shall be commenced unless within three years after the rendition of the judgment, or making of the final order complained of.” And it is claimed, in suj>port of the demurrer to the second answer setting up the limitation of fifteen days, that, by virtue of this section of the code, the limitation of three years is substituted for that of fifteen days proscribed by the act first above quoted. The said 9th section never having been expressly repealed, the demurrer, in effect, claims that the limitation of fifteen days therein prescribed is, by implication, repealed by the 523d section, of the code. We say repealed, for if the said section of the code be at all applicable to this case, the. limitation prescribed by the said 9th section becomes of no effect whatever.
This, then, is the real and only question in the case—is the limitation of fifteen days repealed by implication ? We think not, and for two reasons : *
1. Repeals by implication are not favored in law; and such repeal will not be recognized unless the íxqpugnancy between the prior and subsequent act of legislation be necessary and obvious, and so great that the two can not be reconciled by any fair course of reasoning.
We here find no such necessary repugnancy. The said 9th section of the act first mentioned, and the 523d section of the code, may well stand together, if we hold that the operation of the latter was intended to apply only to cases not otherwise specially provided for.
2. The 9th section of the act of January 27, 1853, “for opening and regulating roads and highways ” (Curwen’s Stat. 2112), contains this provision: “ That no writ of certiorari shall be allowed to remove any proceeding had under this act after the lapse of one year from the time of making the final order in such proceeding by the county commissioners.” Now this 19th section is expressly and specifically repealed by section 606 of the code, while no specific notice is taken of the 9th section of the act first above mentioned. This express repeal of the one and entire silence as to the other, leads very strongly to the conclusion that the limitation of fifteen days was intended to be left in full force.
We are therefore of opinion that the court of common pleas was' *23 right in overruling the demurrer, and that the district court was wrong in reversing the judgment of the common jileas.
Judgment of district court reversed, and judgment of common pleas affirmed.
Scott, Sutlief, Peck, and G-holson, JJ., concurred.